DENISON et al. v. GIFFORD et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 69.

PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where infringement was doubtful, and the suit was not against the maker of the alleged infringing device, but against one who had sold none of them except in a single instance, when they were procured at the solicitation of an agent of complainant, a preliminary injunction was properly denied.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Howard P. Denison and the Metal Stamping Company against John A. Gifford and Harry H. Gifford, doing business as John A. Gifford & Son. From an order denying a motion for a preliminary injunction, complainants appeal. Affirmed.

This cause comes here upon appeal, from an order denying complainants' motion for a preliminary injunction. It is the ordinary suit in equity to restrain alleged infringement of United States patent No. 591,561, issued October 12, 1897, to Moyer and others for improvement in thill couplings.

W. A. Megrath, of New York City (C. C. Billings, of New York City, of counsel), for appellants.

D. W. Cooper, of New York City, for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. The question whether or not the particular device complained of infringes any claim of this patent is by no means free from doubt; it can be more satisfactorily disposed of at the trial than in advance upon affidavits. In such case it is not the practice to discuss or dispose of such question upon application for injunction pendente lite, unless some very strong case of future irreparable injury is made out. No such case is shown here. The suit is not brought against the maker of the alleged infringing device, but against a dealer who (except in one instance) has sold none of them, has never carried them in stock, nor offered them for sale, nor so far as the record discloses has any intention of selling any. In the single instance above referred to an agent of complainant asked defendant to send to the maker and get four of these thill couplings; the only sale defendant ever made of them was thus on complainant's own solicitation. There seems no danger that defendant will infringe between now and the time of trial. We see no reason to alter the disposition made of the motion in the District Court.

The order is affirmed, with costs of this appeal.